Barrett *v*. Barrett, Appellant.

Commonwealth *v*. Barrett, Appellant.

Argued November 25, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John B. Leete,* with him *Timothy P. O'Brien,* for appellant, at No. 41 and No. 42.

*Frank S. Kelker,* Assistant District Attorney, with him *Joseph S. Walko,* District Attorney, for Commonwealth, appellee, at No. 41.

*John D. McBride,* for appellee, at No. 42.

OPINION BY PRICE, J., December 11, 1975:

Because these appeals involve the same issue, which is whether the sanctions imposed by the lower court following the appellant's adjudications of civil contempt were proper, they were consolidated for purposes of oral argument. The merits of both appeals will be determined in this opinion.

The facts which precipitated the citation for contempt now appealed at No. 42 April Term, 1976 may be sum-

marized as follows: On August 5, 1965, appellant's wife, Lois Harriett Barrett, filed a complaint for support under the Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, §1 (62 P.S. §2043.31) *et seq.* The complainant requested support for herself and three minor children. On August 23, 1965, the parties entered into a written agreement whereby appellant agreed, *inter alia,* to pay $50 per week as support for his wife and children. The agreement was entered as an order of court on the same date. Appellant soon fell into arrears and a wage attachment was issued until the payments were current. By November 9, 1969, appellant again owed arrearages of $7,412.01, and another wage attachment was issued. On January 4, 1970, the court below reduced the order entered in 1965 to $25 per week. As of June 3, 1975, appellant was $16,263.78 in arrears.

The facts related to the appeal filed at No. 41 April Term, 1976 may be summarized as follows: On August 7, 1970, Lois Kookoothakis gave birth to a son who was conceived out of wedlock. On April 22, 1971, appellant pleaded guilty to adultery and bastardy charges filed by the Commonwealth on behalf of Ms. Kookoothakis. On May 12, 1971, he was sentenced to pay the prosecutrix' medical expenses, lying-in costs, and the sum of $10 weekly for child support. As of June 30, 1975, appellant was $2,363.83 in arrears.

The remaining facts found by the lower court are relevant to both appeals. They concern efforts to compel appellant's compliance with the two support orders and appellant's efforts to avoid payment. A detailed discussion of these facts is not necessary in this case. The record reflects that appellant had held several jobs during the period in question. His last employer was the Marriott Motor Inn. Appellant testified that his earnings there were $2.15 per hour and that he worked a 40-hour week plus overtime when it was available. In May of 1974, appellant voluntarily terminated that position in an effort

to avoid the Domestic Relations Division employees who contacted him to determine the amount of his wages and to collect the over-due support payments.

After leaving the Marriott Motor Inn position, appellant moved from Pennsylvania to Ohio with his girlfriend, Pat McDanel. Appellant failed to contact the Domestic Relations Division to inform them of his new address and places of employment, and made no support payments following his move to Ohio.

In May of 1975, appellant returned to Beaver County for a visit. He was apprehended and ordered to appear at a hearing before the court on May 29, 1975. At that time, appellant, who was not represented by counsel, was adjudged guilty of contempt and committed to the Beaver County Jail until such time as he should pay $500 on account of arrearages in each case and post an appearance bond of $1000.[1] This order was revoked on June 6, 1975, a new hearing on this issue was scheduled, and appellant was ordered to show cause why he was not in contempt for willful violations of the court's orders of support.[2] Appellant was required to post $1000 bonds in each case, which he was unable to do. He has been in custody in the Beaver County Jail since July 3, 1975.

A hearing on the rules to show cause was held on August 4, 1975.[3] At that time, appellant, who was represented by counsel, testified that after moving to Ohio, he was employed by his girlfriend, Pat McDanel, and earned $150 per month. He stated that he was paid in cash; however, no payroll records or other verifications

1. Appellant had failed to appear at a support hearing scheduled before the court in December, 1971, and was subsequently arrested on a bench warrant.

2. No answers to the rules to show cause were ever filed.

3. Testimony was also heard on appellant's petition for reduction of support for his wife, who had remarried, and for two children, who had reached majority. The lower court reduced the order, and no appeal was taken from that action.

of his testimony were introduced. The job occupied two nights each week. During the day, appellant stayed at home and worked on his two cars. Appellant also stated that he used his income for the living expenses of himself and Ms. McDanel. He conceded that he deliberately refused to support his children.

Following the hearing, the lower court found that appellant willfully violated the orders of support and adjudged him in contempt on both orders. The order appealed at No. 42 April Term, 1976 is as follows:

"Now, August 20, 1975, the defendant, Merle Edmund Barrett, having been adjudged guilty of contempt, he is ordered to pay the costs and to be imprisoned in the Beaver County Jail until such time as he:

(1) Shall pay the sum of Three Hundred ($300.00) Dollars on account of arrearages, and

(2) Shall post a compliance bond in the amount of Two Hundred Fifty ($250.00) Dollars with surety to be approved by the Court.

". . . .

"It is further ordered that upon his release from confinement defendant pay the sum of Seventeen and 50/100 ($17.50) Dollars per week, effective July 31, 1975, for the support and maintenance of his son, Merle Barrett, Jr. plus an additional sum of Five ($5.00) Dollars per week on account of arrearages.

"It is further directed that defendant post an appearance bond in the amount of One ($1.00) Dollar with Mr. Heasley as surety."

The order appealed at No. 41 April Term, 1976 reads:

"Now, August 20, 1975, the defendant having been adjudged guilty of contempt, he is ordered to pay the costs and to be imprisoned in the Beaver County Jail until such time as he:

(1) Shall pay the sum of Two Hundred ($200.00) Dollars on account of arrearages, and

(2) Shall post a compliance bond in the amount of Two Hundred Fifty ($250.00) Dollars with surety to be approved by the Court.

"It is further ordered that upon his release from confinement defendant pay, in addition to the sum of Ten ($10.00) Dollars per week for the support and maintenance of his son, Christian, an additional sum of Two and 50/100 ($2.50) Dollars per week on account of arrearages.

"It is further directed that defendant post an appearance bond in the amount of One ($1.00) Dollar with Mr. Heasley as surety."

Appellant alleges that the orders are improper in two respects: (1) they do not contain conditions which enable appellant to purge himself of contempt, and (2) they do not include maximum terms of imprisonment. With regard to his first contention, appellant asserts that because he is currently indigent, he is unable to pay money on account of the arrearages, and is therefore unable to purge himself of contempt. It is appellant's belief that even though he willfully failed to support his wife and four children when he was able, he cannot now be imprisoned for this failure because he is currently an indigent. We do not agree.

In support cases such as this, judges of the courts of common pleas are required to state the conditions which, if fulfilled, will cause the civil contemnor's immediate release from prison. *See* the Revised Uniform Reciprocal Enforcement of Support Act (1968), Act of Dec. 6, 1972, P.L. 1365, No. 291, §42 (62 P.S. §2043-1), *et.seq. See also Knaus v. Knaus,* 387 Pa. 370, 127 A.2d 669 (1956). The orders imposed by the lower court in the instant case contained the condition that appellant pay certain sums toward the arrearages in order to secure his release, in compliance with Pennsylvania law.

Appellant incorrectly perceives the purpose of the orders imposed upon him. He believes that he was im-

prisoned because he is indigent. However, his characterization is not correct. He was imprisoned for willfully violating court orders with which he was fully capable of complying when the orders were entered. The fact that appellant may be indigent at present has no bearing on his failure to support his wife and children when he was able. Were we to agree with appellant's belief that no indigent may be imprisoned for civil contempt by willfully failing to support his dependents, even though the indigency was voluntarily created, the courts of the Commonwealth would lose all power to enforce support orders. We will not so hold.

Appellant's second contention, however, has merit. Section 16 of the Revised Uniform Reciprocal Enforcement of Support Act (1968), Act of Dec. 6, 1972, P.L. 1365, No. 291, §16 (62 P.S. §2043-18(a)), provides in relevant part:

> "Whenever an attachment is issued in any county as provided herein, and, if the court shall find, after hearing, that the obligor has wilfully neglected or refused to comply with any order of the court, the court may adjudge such person in contempt of court and, in its discretion, may commit such person to the county jail or house of correction until compliance with said order, *but in no case for a period exceeding six months,* and the court in its order shall state the condition upon which fulfillment will result in the release of the obligor." (emphasis added).

Therefore, it is clear that a maximum term of not more than six months imprisonment must be expressed in the order imposed for civil contempt. That fact does not warrant a reversal in the instant case, however, as this court has the power to modify orders of the lower court. *See* the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, §504 (17 P.S. §211.504).

The orders imposed August 20, 1975, are modified as follows: If appellant fails to meet the conditions estab-

lished by the lower court to purge himself of the contempts, appellant stands committed to prison for six months on each order, terms to run concurrently. As so modified, the orders are affirmed.

JACOBS, HOFFMAN, and SPAETH, JJ., concur in the result.