421 A.2d 822

**Donna S. LONG**

v.

**David P. LONG, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Sept. 5, 1980.

---

Robert Petrosky, Kittanning, for appellant.

Ralph C. John, Kittanning, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant and appellee were husband and wife, are now divorced, and have one son presently about 5 years old. There have been orders entered against the husband for support of the wife and son, and, after the divorce, for the son alone. There have been various hearings and wage

attachments, and some payments on account of arrearages, which totalled $3,862 as of August 25, 1976.

Appellant husband had a job in 1976 with the Clairton Parks and Recreation Authority of Allegheny County, at a take home pay of $9,765.12 per year. Following an attachment of his wages, the husband resigned his job, characterizing his action a "forced resignation statement."

On September 30, 1976, appellant became employed by the Pennsylvania Department of Community Affairs, with take home pay at the rate of $9,048.00 per year. In May, 1977, he quit the job because his expenses were exceeding his income. He had been warned by the lower court not to quit the job. Appellant was cited for contempt, and hearings were held on July 7, 1978 and September 13, 1978. On the latter date, appellant was found to be in indirect civil contempt of Court, was ordered to make good–faith efforts to procure employment, and was instructed to report to the Court on his efforts. The Court considered the reports to be unsatisfactory. Appellant obtained a job as a bus driver in September, 1978, with a net salary of approximately $240 per month.

The wife filed a petition on December 27, 1978 for a rule to show cause why appellant should not be held in contempt. On January 31, 1979, the Court made the Rule absolute and issued a citation. A hearing was held on March 14, 1979 on the citation for contempt, and the husband was found to be in contempt, and was ordered to jail for 30 days. The present appeal is from that order of March 14, 1979.

The order dated March 14, 1979 recites, in substance, that appellant failed to make reports to the Court as he had been previously directed, and that he failed to make good–faith efforts to secure sufficient employment to provide support, as ordered, by the Court. The court found appellant to be in indirect civil contempt of the Order entered September 13, 1978, and imposed the sanction of commitment to jail for 30 days, provided, however, that if full payment would be made on the arrearages due under the Order of August 25, 1976, appellant would be released from the Armstrong County

Jail. Following the appeal, a Motion for Supersedeas was granted.

■ The lower court's Opinion recites the long history of this case, and notes that appellant was in substantial default on support payments since at least April of 1976, that he voluntarily terminated his job with the Commonwealth, and that he was unable to pay support because of this voluntary action. The court ruled that appellant could not escape sanctions under the authority of *Crislip v. Harshman*, 243 Pa.Super. 349, 365 A.2d 1260 (1976). Appellant argues that the order of March 14, 1979, is for civil contempt, intended to coerce compliance with the existing support order for the benefit of appellant's former wife and son (which both parties seem to concede) rather than of criminal contempt; that such an order of civil contempt is improper unless compliance by appellant is possible; that, on the record in this case, compliance is not possible; and that, therefore, the order of commitment is illegal. We find merit in this argument and we therefore reverse.

Although *Crislip*, relied upon by the lower court, does support the lower court's order in the case before us (assuming that appellant voluntarily resigned his jobs with the Clairton Parks Recreation Department and with the Commonwealth) [1], *Crislip* relied on our decision in *Barrett v. Barrett*, 237 Pa.Super. 590, 352 A.2d 74 (1975), which was reversed on allocatur by the Supreme Court. In reversing, the Court stated:

"We now hold . . . that where, as here, the court in civil proceedings finds that there has been willful noncompliance with its earlier support orders constituting contempt but the contemnor presents evidence of his present inability to comply and make up the arrears, the court, in imposing coercive imprisonment for civil contempt, should set conditions for purging the contempt and effecting release from imprisonment with which it is convinced

1. Appellant's version of his resignation of each of these jobs, not necessarily to be accepted as true, was that he resigned only in anticipation of being fired because of the wage attachments.

*beyond a reasonable doubt,* from the totality of the evidence before it, the contemnor has the present ability to comply." 470 Pa. 253, 263–64, 368 A.2d 616, 621 (1975). In the case before us, since the lower court made no finding that appellant had present ability to pay the arrearages, and since the evidence taken would have justified no such finding, the order of commitment must be reversed. See *Kramer v. Kelly,* 265 Pa.Super. 58, 401 A.2d 799 (1979); and *Muraco v. Pitulski,* 470 Pa. 269, 368 A.2d 624 (1977).

■ Appellant also argues that we should modify the Order of Court of August 25, 1976 in which appellant was ordered to pay $110 per month for support of his son, and $50 per month on account of arrearages. We agree with the wife–appellee that this present appeal from the order of March 14, 1979 gives us jurisdiction at this point only as to the sentencing to jail for contempt, and we therefore make no order modifying the support orders.

Order reversed and appellant is released from imprisonment. However the case is remanded for further proceedings not inconsistent with this Opinion, but particularly for the purpose of determining beyond a reasonable doubt with what conditions attached to coercive imprisonment the appellant can reasonably comply.